IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                         No. CR 14-1760-003 RB

ARMANDO CONRAD GONZALES,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

Defendant Armando Conrad Gonzales filed motions to withdraw his guilty plea (Docs. 95, 99) and motions to substitute his appointed counsel. (Docs. 96, 98.) The Government opposes Defendant's motions to withdraw his plea, but did not respond to the motions to withdraw counsel. (Doc. 102.) The Court held an evidentiary hearing on April 7, 2015. (Doc. 110.) Having reviewed the parties' submissions and arguments, the Court **DENIES** the motions.

    **I.**    **BACKGROUND**

The Superseding Indictment charges Defendant Gonzales with (1) conspiring to distribute more than 50 grams of methamphetamine, and (2) felony firearm possession. (Superseding Indictment, Doc. 49.) Defendant was charged with two co-defendants, Charles Douglas Notbohm, Jr. and James Richard Reeves. (*Id.*)

Allegedly Defendant Gonzales, also known as "40," entered into a deal to purchase methamphetamine from Reeves and Notbohm. Co-defendants Reeves and Notbohm were driving from Tucson to Las Cruces to complete the deal when they were stopped for a traffic violation. During a subsequent search of the car, officers discovered 107.96 grams of methamphetamine in their car. The officers searched Notbohm's phone and found several text

messages between Notbohm and Defendant Gonzales.  At the officer's request, Notbohm made a recorded call to Gonzales.  The Government has the recorded call and the text messages.  To continue the investigation of Defendant Gonzales, Homeland Security Investigations Officers from Immigration and Customs Enforcement ("ICE") worked in conjunction with the Las Cruces Police Department ("LCPD").

On April 11, 2014, LCPD located Defendant's car and attempted to pull him over based on multiple outstanding magistrate court warrants and a suspended/revoked license.  Defendant did not pull over and turned into a shopping mall parking lot.  Eventually, the Officer was able to block Defendant's car and stop him.  The officers searched the vehicle and found ammunition, a semi-automatic .380 caliber handgun, two cell phones, two digital scales, a glass smoking pipe, a glass bong, and 50 plastic baggies.  Based on the search, the officers arrested Defendant and his girlfriend, a passenger in the car.  The girlfriend eventually admitted that the neither the gun nor the scales belonged to her.  She claimed she bought the plastic baggies because they were cute.

After being arraigned, the Government and Defendant reached a plea agreement.  (Doc. 88.)  Defendant consented to plea before United States Magistrate Judge Gregory Wormuth on November 18, 2014.  (Doc. 88.)  Defendant pled guilty to the Superseding Indictment with an understanding that Defendant was pleading to a (b) level meth charge instead of an (a) level meth charge.  (Tr., Doc. 102-1.)  Defendant agreed to the facts as described in the plea agreement and waived his right to appeal or otherwise collaterally attack his conviction.  In return, the Government stipulated to a sentence of 100 months.  The transcript of the colloquy shows that Judge Wormuth read Defendant his rights, made the necessary inquiries, and the requisite findings before accepting Defendant's plea.

The United States Probation Office issued the presentence report ("PSR") on January 13, 2015. (Doc. 102 at 5.) The PSR assesses Defendant's offense level as 30. (PSR ¶¶ 34-56.) Without a plea agreement, the Probation Officer would have recommended a sentence of 108-135 months for a plea and 151-188 months had Defendant gone to trial.

According to Attorney Ed Solis, Defendant's appointed counsel, once Defendant read his PSR, he changed his mind about his plea. During their discussion of the PSR, Defendant was concerned that the face sheet charged him with 50+ grams of a mixture while paragraph 3 charged with 5+ grams of meth. (Doc. 98 at 2.) Counsel reminded him that, as part of the plea agreement, he pled guilty to a (b) level drug and not an (a) level drug. (*Id.*) Defendant also claimed during their discussion that he did not previously understand that he was waiving his right to appeal. (*Id.*) Counsel reminded him that was part of the plea agreement that was read at the hearing. (*Id.*)

On February 17, 2015, Defendant filed, on his own behalf, an *ex parte* motion to withdraw his guilty plea. (Doc. 95.) The next day, he filed a motion asking to substitute his appointed counsel. (Doc. 96.) Defendant claims that he should be allowed to withdraw his plea because (1) his counsel had a conflict of interest, (2) his counsel failed to investigate the plea and its contents, and (3) he did not freely agree to the plea. (Doc. 95.) He also moves for new counsel based on Mr. Solis' inadequate representation and failure to explain the plea. (Doc. 96.)

Attorney Ed Solis, filed two formal motions on February 19, 2015: one stating his client's reasons for wishing to withdraw his plea and a second motion asking to withdraw as counsel. (Docs. 98, 99.) The Government opposed Defendant's motion to withdraw his plea (Doc. 102), but did not respond to Defendant's motion to substitute counsel.

At the hearing, the Court heard argument about the plea withdrawal. First, Mr. Solis detailed his negotiation with the Government and recounted his visitations with Defendant. He asserted that he still "solidly" believes that trial was not the correct course for Defendant and that the plea agreement was a better option. Next, the Government presented a short argument on controlling Tenth Circuit law. In sum, the Government argued that Defendant should not be permitted to withdraw his plea because (1) he did not show that withdrawal would be fair or just and (2) because withdrawal would not be in Defendant's best interest. Given the strength of the evidence against him, Defendant would be unlikely to prevail at trial. Additionally, the Government would seek sentencing enhancements.

Finally, the Court heard argument directly from Defendant. Before listening to Defendant's argument, the Court noted that "assertion of innocence" was one of the factors it considered important and, to date, Defendant had not asserted his innocence. Defendant signaled his understanding, but did not address the issues during his presentation. During his argument, Defendant asserted that he had a right to withdraw his guilty plea before the court accepts it. He objected to ICE's involvement in his case because he is a United States citizen and not an illegal alien. Defendant argued that had his Counsel done more investigation into ICE's involvement in the case and the other facts in the plea, Defendant would not have pled.

## II.     WITHDRAWAL OF PLEA

When Defendant completed his presentation during the hearing, the Court indicated that it would deny the motion to withdraw the plea. Defendant queried whether magistrate judges could accept pleas. The Court clarified the difference between pleas and plea agreements. A plea is the defendant's response to the Government's charges and factual allegations; usually the plea is "guilty" or "not guilty." Under well-established Tenth Circuit law and practice,

"[m]agistrate judges have the authority to conduct plea hearings and accept guilty pleas." *United States v. Salas-Garcia*, 698 F.3d 1242, 1253 (10th Cir. 2012). A plea agreement is a deal between the government and a defendant. During sentencing, the Court is not bound by the agreement that the parties made. Fed. R. Crim. Pro. 11(c)(3). Here, the magistrate judge accepted Defendant's plea and adjudged him guilty of Counts One and Three of the Superseding Indictment. (Doc. 102-1, Tr. 14:7-10.) The magistrate judge deferred acceptance of the plea agreement for the sentencing judge (*Id.* at 14:10-12), as magistrate judges are permitted to do under the law. *Salas-Garcia*, 698 F.3d at 1253 ("[E]ven if the magistrate judge had deferred acceptance of the plea agreement itself, the magistrate judge accepted [the defendant's] plea for the purposes of Rule 11."). Deferring approval of the plea agreement does not affect the magistrate judge's authority to accept the guilty plea. *Id.*

After a court has accepted the plea but before sentencing, a defendant who wishes to withdraw his plea must "show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). A defendant proceeding under Rule 11(d)(2)(B) does not have an absolute right to withdraw a guilty plea. *See United States v. Rhodes*, 913 F.2d 839, 845 (10th Cir. 1990) ("There is no absolute right to withdraw a guilty plea."). The decision of whether to permit withdrawal of a plea "always and ultimately lies within the sound discretion of the district court to determine on a case by case basis . . . ." *United States v. Soto*, 660 F.3d 1264, 1267 (10th Cir. 2011) (quotations omitted).

The Tenth Circuit analyzes seven factors when considering a motion to withdraw a plea:

(1)   whether the defendant asserted his innocence,

(2)   whether the plea was knowing and voluntary,

(3)   whether defendant was assisted by counsel,

5

(4) whether the defendant delayed filing his motion and, if so, why,

(5) whether withdrawal would prejudice the government,

(6) whether withdrawal would substantially inconvenience the court, and

(7) whether withdrawal would waste judicial resources.

*United States v. Hamilton*, 510 F.3d 1209, 1214 (10th Cir. 2007). Among these factors, the most important to consider are whether the defendant asserted his innocence, the validity of his plea, and the effectiveness of his counsel. *Id.* at 1217. If the defendant cannot meet his burden to prove these factors, then the Court need not address the remaining factors. *Id.* The remaining factors, which focus on the potential burden on the Government and the Court, cannot by themselves "establish a fair and just reason for withdrawal." *Id.*; *see also United States v. Byrum*, 567 F.3d 1255, 1265 (10th Cir. 2009) ("[A] court need not address the prejudice to the government, the timing of the defendant's motion, the inconvenience to the court, or the waste of judicial resources factors 'unless the defendant establishes a fair and just reason for withdrawing his guilty plea' in the first instance.").

Considering the evidence and the law, Defendant did not meet his burden to show that withdrawing his plea would be fair and just.

**A. Assertion of Innocence**

To satisfy the assertion of innocence factor, "the defendant must present a *credible* claim of legal innocence." *Hamilton*, 510 F.3d at 1214. Defendant has never, to the Court's knowledge, expressly asserted his innocence. In his briefing, he did cite a case where the Fifth Circuit vacated a plea agreement because the facts in the Indictment were insufficient to support the charge. *See United States v. Angeles-Mascote*, 206 F.3d 529 (5th Cir. 2000) (facts suggested that defendant, who was charged with illegal reentry, had not yet re-entered the United States).

6

The Government construed this as an assertion that the facts are insufficient to prove the case. In response, the Government recited the factual circumstances in this case and argued that it has sufficient facts and evidence to prove beyond a reasonable doubt that Defendant is guilty of (1) conspiracy to distribute meth, and (2) felony firearm possession. (Doc. 102.) The Government persuasively showed that it has sufficient evidence to bring these claims before a jury.

### B. Knowing and Voluntary Plea

In his *pro se* motion, Defendant claims that his plea was not freely and voluntarily given because he did not fully understand its contents. (Doc. 95) Defense Counsel represents that Defendant was kept informed during the plea process and was "very involved in plea negotiations." (Doc. 98 at 3-4.)

The transcript from the plea hearing before Judge Wormuth shows that Defendant was not under the influence of drugs or alcohol (Doc. 102-1, Tr. 5:10-12), was not affected by illness (*Id.* at 5:13-16), was not acting under threat (*Id.* at 5:19-21), and understood the contents of his plea agreement (*Id.* at 8:4-15). Judge Wormuth found that Defendant was competent, informed, and acting voluntarily. (*Id.* at 14:4-10.) Defendant did not offer any evidence to contradict Judge Wormuth's findings.

### C. Assistance of Counsel

Finally, Defendant charges that his counsel's assistance was inadequate because counsel did not explain the plea agreement contents to him. (Docs. 95, 96.) At the hearing, Defendant expressed consternation that ICE was involved in the investigation of his crime even though he is a United States citizen and not an illegal alien. Which law enforcement agency conducted the investigation, however, is irrelevant. Defendant was charged with a federal drug crime and his status as a United States citizen does not exculpate him. According to Mr. Solis, Defendant may

also be concerned about waiving his right to appeal. (Doc. 98 at 2.) Defendant's claim is unpersuasive for three reasons.

First, the waiver of appeal rights was an express part of the plea agreement. Defense counsel represents that he reviewed the plea agreement with Defendant, word by word, before the plea hearing. (Doc. 98 at 2.) During the colloquy, Judge Wormuth specifically reviewed the waiver of appeal rights and Defendant affirmed that he understood. (Tr. 9:10-20.)

Second, during the colloquy, Defendant expressed his satisfaction with his counsel's assistance. (Doc. 102-1, Tr. 7:18-20, 8:9-11.) Without any evidence overcoming these prior representations, Defendant's prior statements are a reason to deny his motion to withdraw his plea. *See Byrum*, 567 F.3d at 1265 (affirming the denial of the defendant's motion to withdraw his plea based, in part, on his prior representation that counsel's services were satisfactory and failure to identify meritorious defenses he would have had but for his counsel's inadequate representation); *United States v. Siedlik,* 231 F.3d 744, 750 (10th Cir. 2000) (upholding a district court's refusal to permit the defendant to withdraw his guilty plea in part because the defendant was represented by a "skilled and respected" counsel through the plea negotiations and because the defendant had himself testified to satisfaction with counsel).

Third, Defense Counsel and the Government argue that counseling Defendant to accept the plea was good advocacy. Defendant gets a benefit from accepting the plea. Should Defendant proceed to trial, the Government intends to seek multiple enhancements. Going to trial would expose Defendant to a significantly higher recommended sentence.

Defendant was assisted by counsel when he made his plea. Given the parties' arguments and the hearing testimony, the Court sees no basis for questioning the adequacy of that representation.

### D. Remaining Factors

Because Defendant did not carry his burden on the first three factors, the Court does not need to address the remaining factors. The Government notes, however, in its brief that (1) Defendant delayed in filing this motion until the PSR was released, (2) withdrawal would prejudice the Government in terms of time and expense, (3) withdrawal would be a substantial inconvenience, and (4) withdrawal would be a waste of judicial resources because the Government is confident that it would prevail at trial. (Doc. 102 at 11-12.)

In sum, Defendant has not shown a fair and just reason for withdrawing his plea. He did not meet his burden under Rule 11(d)(2). Thus, the Court rejects Defendant's motion to withdraw his plea.

### III. REQUEST FOR NEW COUNSEL

"To warrant a substitution of counsel, the defendant must show good cause, such as a conflict of interest, a complete breakdown of communication or an irreconcilable conflict which leads to an apparently unjust verdict." *Byrum*, 567 F.3d at 1265 (quoting *United States v. Porter*, 405 F.3d 1136, 1140 (10th Cir. 2005)). The Tenth Circuit looks to three factors:

(1) whether the defendant's request was timely;

(2) whether the defendant-attorney conflict was so great that it led to a total lack of communications precluding an adequate defense; and

(3) whether the defendant substantially and unreasonably contributed to the communication breakdown.

*Id.* at 1265-66. The district court must inquire into the defendant's reasons for making the request and be adequately informed of the basis. *Id.* The Court must "balance the need for efficient administration of the criminal justice system against the defendant's right to counsel."

*United States v. Beers*, 189 F.3d 1297, 1302 (10th Cir. 1999) (quoting *United States v. Padilla*, 819 F.2d 952, 956 (10th Cir. 1987)).

In *Byrum*, the defendant argued that he had a conflict with his attorney because his attorney refused to file a motion to withdraw his guilty plea. *Byrum*, 567 F.3d at 1266. The Tenth Circuit rejected this argument because the motion to withdraw the plea was meritless. The Tenth Circuit further found that if the district court intends to accept the plea agreement, there is nothing left for substitute counsel to do. In sum, because the Court intends to accept the plea agreement and finds that counsel adequately represented Defendant, the Court may decline Defendant's request for substitute counsel.

At this stage, Defendant's right to counsel must be weighed against the need to efficiently administer justice. At the hearing, Defendant claimed that his counsel did not adequately investigate the plea agreement's factual basis. Previously, however, Defendant considered his attorney's representation satisfactory and swore to that fact under oath. (Doc. 102-1, Tr. 7:18-20, 8:9-11.) Defendant did not present any changed facts that would justify a finding of inadequate counsel at this point. Moreover, sentencing is the only pending phase before the district court. Substitution now would only delay the proceedings and prejudice the prosecution. For that reason, the Court declines to substitute Defendant's counsel. Should Defendant wish to represent himself during sentencing in a *pro se* capacity, the Court would consider the request upon a motion by Defendant.

### IV.   CONCLUSION

Defendant did not satisfy his burden to establish the three primary factors of asserted innocence, validity of the plea, and ineffective assistance of counsel. Because Defendant did not meet his burden, the Court will not permit Defendant to withdraw his plea. Furthermore,

Defendant did not show that substituting his attorney would be in the interest of justice. Defendant's motion to substitute counsel is also denied.

**THEREFORE**,

**IT IS ORDERED** that:

(1) Defendant's motions to withdraw his plea of guilty (Docs. 95 and 99) are **DENIED**; and

(2) Defendant's motion to substitute counsel and withdraw as attorney (Docs. 96 and 98) are **DENIED**.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**